**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 16-4286**

─────────

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

DENNIS OWEN PAULSEN,

          Defendant - Appellant.

─────────

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, Senior District Judge. (3:15-cr-00286-MBS-1)

─────────

Submitted: March 27, 2017        Decided: April 10, 2017

─────────

Before MOTZ, KING, and FLOYD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

G. Wells Dickson, Jr., WELLS DICKSON, P.A., Kingstree, South Carolina, for Appellant. William E. Day, II, Assistant United States Attorney, Florence, South Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dennis Owen Paulsen appeals his conviction and 41-month sentence imposed after his jury trial for knowingly and willfully stealing money from the Department of Veterans Affairs and the Social Security Administration by accepting payments to which he knew he had no entitlement, in violation of 18 U.S.C. § 641 (2012). On appeal, Paulsen's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that he found no meritorious issues for appeal but questioning six aspects of the proceedings below. Paulsen filed a supplemental pro se brief expanding on some of the issues raised by counsel. The Government elected not to respond. Taking each of the six issues in turn, we conclude that the district court did not commit any reversible errors and affirm.

First, Paulsen raises as an affirmative defense the five-year statute of limitations for violations of 18 U.S.C. § 641. Because Paulsen engaged in "a recurring, automatic scheme of embezzlement" from 1997 to 2015, his offense must be treated as a continuing one for which the statute of limitations tolls during the pendency of the scheme. See United States v. Smith, 373 F.3d 561, 564, 567 (4th Cir. 2004). Thus, although the grand jury did not indict Paulsen until 2015, the statute of limitations does not bar any part of the scheme.

2

Second, Paulsen argues that the district court erred when it denied his motion to dismiss for lack of venue. We review a district court's denial of a motion to dismiss for lack of venue de novo. United States v. Engle, 676 F.3d 405, 412 (4th Cir. 2012). "[A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a) (2012). Here, Paulsen started the offense in a district in Virginia, but completed it in the District of South Carolina. Thus, under § 3237, the district court did not err when it denied Paulsen's motion to dismiss based on lack of venue.

Third, Paulsen challenges the district court's limits on the cross-examination of three prosecution witnesses. We review such limits for abuse of discretion. United States v. Smith, 451 F.3d 209, 220 (4th Cir. 2006). The district court "possesses wide latitude to impose reasonable limits on cross-examination, premised on such concerns as prejudice, confusion, repetition, and relevance." Id. at 221. Here, the district court acted within its discretion to limit cross-examination on topics such as an unrelated divorce, administrative hearing, and income. Thus, we conclude that the district court did not abuse its discretion.

3

Fourth, Paulsen argues that the district court should have given four jury instructions. We review a district court's refusal to give particular jury instructions for abuse of discretion. United States v. Shrader, 675 F.3d 300, 308 (4th Cir. 2012). We will reverse on this basis only if the omitted instruction was "(1) correct; (2) not substantially covered by the court's charge; and (3) dealing with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." Id. Paulsen requested instructions on the requirements for disability, but no party disputed that Paulsen had some disability from 1997 to 2015. Instead, as the district court found, the issue at trial concerned whether Paulsen received greater disability benefits than his condition warranted. Because the charges regarding disability did not affect an issue important, or even relevant, to the trial, we conclude that the district court did not commit reversible error. See id.

Fifth, Paulsen claims that the evidence is insufficient to support the jury's verdict. We review de novo the sufficiency of the evidence supporting a conviction. United States v. Barefoot, 754 F.3d 226, 233 (4th Cir. 2014). A defendant challenging evidentiary sufficiency bears a heavy burden. United States v. Cornell, 780 F.3d 616, 630 (4th Cir. 2015). We

4

will "uphold a defendant's conviction if, viewing the evidence in the light most favorable to the government, there is substantial evidence in the record to support the verdict." Id. (internal quotation marks omitted). Substantial evidence means "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted).

Under § 641, the Government had to prove four elements: (1) Paulsen took money; (2) the money came from the United States; (3) Paulsen intended to convert the money for his own use or gain; and (4) Paulsen knew he was not entitled to the money. 18 U.S.C. § 641. Paulsen only argues that the Government failed to prove intent. However, the inconsistencies between Paulsen's conduct at medical appointments or benefits hearings and all other times would permit a reasonable factfinder to conclude that Paulsen was guilty beyond a reasonable doubt. See Cornell, 780 F.3d at 630. Such a factfinder could also conclude from the record that Paulsen's entrapment defense lacked merit. Thus, the jury had sufficient evidence to support its guilty verdict.

Finally, Paulsen argues that the district court imposed an unreasonable sentence. We review sentences for reasonableness, applying "a deferential abuse-of-discretion standard." Gall v.

5

<u>United States</u>, 552 U.S. 38, 51 (2007). Reasonableness has procedural and substantive components. <u>Id.</u> In assessing procedural reasonableness, we consider factors such as whether the district court properly calculated the Sentencing Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the sentence imposed. <u>Id.</u>

If no significant procedural errors exist, we consider the substantive reasonableness of a sentence, evaluating "the totality of the circumstances." <u>Id.</u> We presume reasonable sentences within the Guidelines range. <u>United States v. Louthian</u>, 756 F.3d 295, 306 (4th Cir. 2014).

Applying this standard, we conclude that the district court imposed a reasonable sentence. The record reveals no procedural sentencing errors, and the court imposed a within-Guidelines sentence, which we presume reasonable absent a rebuttal of that presumption. <u>See</u> <u>Louthian</u>, 756 F.3d at 306.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Paulsen, in writing, of the right to petition the Supreme Court of the United States for further review. If Paulsen requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from

6

representation.  Counsel's motion must state that a copy thereof was served on Paulsen.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED